FILED

2019 MAY -2  PM 4: 12

BLANCA DEGOLLADO

Mailing Address:

968 W. KENSINGTON ROAD

Los Angeles, CA 90026

(818) 486- 7863

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BLANCA DEGOLLADO,  )  Case No. **CV19-3816- FMO(PLAx)**
                                              )
              Plaintiff,  )  **COMPLAINT FOR:**
                                              )
                                              )  **unlawful Debt Collection**
                                              )  **Practices**
                                              )
                                              )  **unlawful Rosenthal Fair Debt**
                                              )  **Collection Practices**
    VS.  )
                                              )  **Fair Credit Reporting Act**
AMERICAN EXPRESS CENTURION )
BANK,  )
                                              )
AMERICAN EXPRESS  )
                                              )
MICHAEL & ASSOCIATES, PC  )  **Jury Trial Demand: Yes**
                                              )
CHRISTINA L. RYMSZA, ESQ.  )
SBN # 233631  )
LINA M. MICHAEL, ESQ.  )
SBN # 237842  )
JENNA HAFFAMIER,  )

1

**DEFENDANT(S).  )**

# I. COMPLAINT
## INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA) and the California Rosenthal Act, Civil Code § 1788.2 et. seq. (Rosenthal Act) both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA) which prohibits furnishers from reporting false and inaccurate information.

## II.    JURISDICTION AND VENUE

1.  This Court has jurisdiction under:  15 U.S.C. sec. 1692 k (d), 15 U.S.C. sec. 1681(p)(b), and 28 U.S.C. sec. 1331,1337. Supplemental jurisdiction exist for the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b) where that the defendant transact business here and the conduct complained of occurred here.

## III.  PARTIES

2.  Plaintiff's name is: Blanca Degollado Plaintiff resided at California. Plaintiff is a consumer within the meaning of 15 U.S.C. sec. 1692 a (3), 15 U.S.C.§ 1681 a (c).

3.  Defendant: AMERICAN EXPRESS BANK, FSB is a professional corporation within the meaning 15 U.S.C. § 1681 a(b) doing the business of collecting debts in UTAH, operating from an address: 4315 South 2700 West Salt Lake City, UTAH 84184.

4.  Defendant: AMERICAN EXPRESS (DOES) is a "debt collector" within the meaning of 15 U.S.C. 1692 a(6); a furnisher of information within the meaning 15 U.S.C. § 1681 a(b) doing the business of collecting debts in California, operating from an address: P.O. Box 981537 EL PASO, TEXAS.

5.  Defendant: MICHAEL & ASSOCIATES PC, is a professional corporation doing the business of collecting debts in California, operating from an address at 555 St. Charles Drive, suite 204 Thousand Oaks, Ca 91360.

6.  Defendant: Christina L. Rymsza, SBN # 233631 (DOES)  is a owner/ Agent Employee through the Michael & Associates PC office doing the business of collecting debts in California, operating from an address at 555 St. Charles Drive, suite 204 Thousand Oaks, Ca 91360.

7.  Defendant: Lina M. Michael SBN # 237842 (DOES)  is a owner/ agent /

3

Employee through the Michael & Associates PC office doing the business of

collecting debts in California, operating from an address at 555

St. Charles Drive, suite 204 Thousand Oaks, Ca 91360

   8.  Defendant: Jenna Haffamier, (DOES) is a owner/ agent /

Employee through the Michael & Associates PC office doing the business of

collecting debts in California, operating from an address at 555

St. Charles Drive, suite 204 Thousand Oaks, Ca 91360

   9.  Defendants are engaged in the collection of debts from consumer using the

mail and telephone. Defendants regularly engaged as furnishers of consumer

Transunion, Experian, Equifax credit file. Defendant regularly attempt to collect

consumer debt alleged to be due to another.

   10.Defendants are all entities or individuals who contributed to or

participated in , or authorized the acts or conspired with the name defendant to

commit the acts and do the things complained of which caused the injuries  and

damages to plaintiff as set forth below. Each of the parties, named and

fictitious, acted as principal and agent, each of the other, and combined and

concurred each with the other in committing the acts that injured the Plaintiff.

   11.The true names and capacities, whether individual, corporate ( including

officers and directors thereof), associates or otherwise of Defendant sued herein

4

as DOES 1-5, inclusive, are unknown to plaintiff, who therefore sues these Defendant(s) by such fictitious names. Plaintiff is informed and believes, and all alleges that each Defendant designated as DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

12.  The purported debt that defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.  Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h)

14. The purported debt that defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

15.  Experian, Transunion, Equifax is a credit reporting agency within the meaning of FCRA 15 U.S.C. § 1681a(f).

16.  Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681 a (d).

17.  FCRA 15 U.S.C. § 1681 b  defines the permissible purposes for which a person may obtain a consumer credit report. Such permissible purposes as defined by 15 U.S.C. 1681b are generally if the consumer makes applications for credit, makes application for employment, for under writing of insurance involving the consumer, or is offered a bonafied offer of credit as a result of the injury.

18.  Plaintiff has never had any business dealing or any accounts with made applications for credit from, made application for employment with, applied for insurance from or received a bonafied offer of credit from the defendant.

## IV.   STATEMENT OF FACTS

19. Plaintiff has an inactive credit card account charged off with American Express, a nationally recognized credit card provider.

20.  The inactive credit card account in question as furnished by American Express are as follows: #  349992465724…

21. Beginning around June, 2017, an imposter, using Plaintiff name and her current address on 968 W. KENSINGTON RD., Los Angeles California,

6

submitted a credit application to American Express.

22. American Express granted the imposter's application and sent the imposter a credit card # 349992465724... in Plaintiff's name.

23. In August, 2017, American Express discovered the fraud, closed and charged off the account # 349992465724.

24. On or about late November, 2017. Defendant American Express Bank, FSB, a federal savings bank filed a operative complaint containing allegations for breach of written contract, common counts book accounts etc., all containing a prayer for damages in the amount of $6,049.28.

25. The Defendant American Express Bank, FSB, a federal savings bank through the MICHAEL & ASSOCIATES, P.C. sent cause of action specified in a filed complaint against Plaintiff. The complaint is insufficient as a matter of law. The DOES complaint does not set forth the True facts upon which Plaintiff seeks a summary judgment. The complaint was signed by Christina L. Rymsza, SBN # 233631.

26. The American Express Bank, FSB, a federal savings bank v. Blanca Degollado case no. 17CHLC06025 (the action) see exhibit; is a threatening attempt to collect on the account at issue under any name other than American Express.

27.  The American Express Bank, FSB, a federal savings bank through the MICHAEL & ASSOCIATES, P.C. has demanded payments of amounts not authorized by any contract or w/out proper validation.

28.  On February 25, 2019, Plaintiff secured her Transunion, Equifax, Experian credit report from www.annualcreditreport.com. After Plaintiff learned of a deceptive entry of Default request by the Defendants, without my presence and proper service to appear and properly defend myself through Superior court Chatsworth. (See exhibit: MA19)

29. The Transunion, Experian, Equifax, general policy and procedure for investigating disputed information is to contact by mail or telephone the source of the information. Each source is advised for consumer dispute and is requested to verify the accuracy and/or completeness of the information reported.

30.  Plaintiff disputed with the three credit bureau reporting agency(s) inaccurate information being reported. Plaintiff requested in writing to the Defendant American Express certified mail and requested of defendant counsel DOES to show proof of debt (debt validation request) upon 30 day notice to reply in accordance with FDCPA 15 U.S.C. §1692 g. 15 U.S.C. 1681i, also informing defendant(s) of their violations of the FCRA. I am not in receipt of any original document which verifies that I have a contract with American

Express Bank, FSB, a federal savings bank. I am not in receipt of any

original document which verifies that I have a contract with American Express

or MICHAEL & ASSOCIATES, P.C. (DOES).

31. The FCRA Fair Credit Reporting Act specifically states that "litigation"
Is not permissible use of a consumer credit report as it does not involve a
business to consumer transaction.

32.  Defendant(s) continued pursue in attempt to collect on the any alleged
debt without proper validation constitute non-compliance and total disregard of
federal law.

33. As a result of the acts alleged above, Plaintiff work has been severly
affected. Plaintiff bank account was recently levied to where Plaintiff
suffers multiple stressful events and stress related symptoms: headaches, worry,
trouble sleeping, weight loss and economic discomfort.

34. Around late February 2019 upon new research from www.sec.gov.
Plaintiff acquired the American express prospectus report to come in the know of
what and who are the responsible parties for damages, as to explain American
Express attempt to collect on the accounts at issue under the any name other than
American Express. With respect to whether the American Express Defendants
investigative efforts being unreasonable, improperly running a credit report.

35.  Plaintiff immediately filed a motion to set aside vacate void judgement and sworn denial to Defendant(s) entry to default. Plaintiff prospectus research attached Exhibit - S.E.C.

Prospectus dated July 25, 2017 issued by American Express Credit Account Master Trust ("AECAMT") Form 424B5 - SEC Accession No. 0001003509/000119312517235130/d426565d424b5.htm (See exhibit). Plaintiff motion to dismiss was denied for not including memorandum of points and authorities.

36.  Plaintiff did / do not believe that she owe the alleged debt to American Express, moreover Plaintiff had no way of determining whether the amount American Express DOES demanded was a fair and accurate calculation of the American Express account.

37. Plaintiff was enlightened by Honorable Randy Rhodes of the Superior court of Chatsworth; that though my argument was correct and facts were correct, and even though the defendant has not proved or established that I am the person who applied for or used this credit card. Plaintiff believe that given the chance to amend or correct motion would have avoided a federal filing.

38.  American Express and American Express Bank, FSB is a subsidiary of another corporation, which does not issue Plaintiff account and does not seek collection on the account. American Express and American Express Bank, FSB

and DOES violates the Rosenthal and FDCPA Act as well as, and not limited to the FCRA.

39.  Defendant(s) at no time has communicated with plaintiff what justification they may have had to obtain Plaintiff (consumer) profile.

40. In response letters dated March 19, 2018 from The MICHAEL & ASSOCIATES, P.C.  a threatening (10) ten day notice in attempt to collect debt information signed by Lina M. Michael, has been demanded for the purposes of collecting a non-existence debt of the plaintiff.

41.  Defendant(s) American Express, MICHAEL & ASSOCIATES, P.C. Lina M. Michael SBN# 237842, Christina M. Ryzsma SBN # 233631, Jenna Haffamier, and DOES. Defendant(s) has asserted a right into action against Plaintiff which they lack to wit. Defendants(s) has taken action that cannot legally be taken in violation of section 1692e(5), which also constitute a "false representation" in violation of section 1692e(10).

42.  Plaintiff discovery of violations brought forth herein occurred in February 2019 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p FDCPA 15 U.S.C. § 1692 k (d).

43.  According to Congress, under the FDCPA, FCRA Act, Although it is

permissible for a debt collector to seek to collect on a time barred debt

voluntarily, it is prohibited from threatening litigation with respect to such a

debt. The defendant act(s) to under such circumstances can at best be described

as "misleading" representation, in violation of § 1692 e. §1681b. §1681i, &

Rosenthal  1788.17 and 1788.30 et seq.

# V.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION

Violations of FDCPA 15 U.S.C. 1962 et.,seq.

**(As against Defendant(s):** AMERICAN EXPRESS BANK, FSB,

a federal savings bank, AMERICAN EXPRESS, Michael & Associates P.C.,

Christina M. Rymsza SBN# 233631, Lina M. Michael SBN # 237842,

Jenna Haffamier

44.  Plaintiff re-alleges and incorporates paragraphs 19-43. Defendants

violated the FDCPA. Defendants violations include, but are not limited to, the

following:

(a)  The Defendants violated 15 U.S.C. § 1692d by engaging in conduct

the natural consequence of which is to harass, oppress, and abuse persons in

connection with the collection of the alleged debt;

(b)  The Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the

legal status of the debt;

  (c )  The Defendant violated 15 U.S.C. § 1692e(10) by using a false

misrepresentation and deceptive means to collect or attempt to collect any debt or

to obtain information regarding a consumer;

  (d)  The Defendant violated 15 U.S.C. § 1692 f by using unfair or

unconscionable means to collect or attempt to collect a debt;

  (e)  The Defendant violated 15 U.S.C. § 1692f(1) by attempting to
collect an amount not permitted by law.

 45.  As a result of the above violations of the FDCPA, Defendants are liable

to the Plaintiff for Plaintiff's actual damages, statutory damages, and court fees

and costs Pursuant to 15 U.S.C. § 1692k

## SECOND CAUSE OF ACTION

Violation of FCRA 15 U.S.C. SEC. 1681 b

**As against Defendant(s):** AMERICAN EXPRESS BANK, FSB,

a federal savings bank, AMERICAN EXPRESS, Michael & Associates P.C.,

Christina M. Rymsza SBN# 233631, Lina M. Michael SBN # 237842,

Jenna Haffamier

 46. Plaintiff re-alleges and incorporates by reference all of the foregoing

paragraph.

47. Defendant violated the FCRA, Defendant violation include, but are not limited to, the following:

(a)  The Defendant violated FCRA 15 U.S.C. § 1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

(b) The Defendant is a furnisher of information within the meaning of the FCRA 15 U.S.C. § 1681s-2(b)(1)(A)

(c ) by after receiving notice pursuant to § 1681i of dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(d) Plaintiff re-alleges and incorporate by reference all foregoing paragraphs. Based on the foregoing consumer credit reports. Defendant(s) willfully violated the FCRA 15 U.S.C. § 1681s-2(b)(c) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the Plaintiff pertaining to the account.

48.   Actions on the part of defendant demonstrates a willful disregard for federal law and constitutes a blatant attempt to injure or ruin the credit rating of

14

plaintiff since defendant has demonstrated an inability to validate the alleged

debt and subsequently attempted coerce payment. 15 U.S.C sec. 1681 .

49. . As a result of the above violations of the FCRA, Defendants are liable

to the Plaintiff for Plaintiff's actual damages, statutory damages, and court fees

and costs Pursuant to 15 U.S.C. § 15 U.S.C. §1681n (a) (3) and 15 U.S.C.

§1681o (a).

## I. REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiff requests:   That this court grant judgement

against defendant(s) each for first claim for relief

50.) Actual damages in the amount of **$6,049.28**  2.) Punitive & Statutory

damages 15 U.S.C. sec. 1692 d (1), 1692 e, 1692 f (6) 1692 g Remedies 1692 k,

**$ 1,000 per defendant** & Rosenthal Fair Debt Collection Practices Act, Cal

Civ. Code § 1788.30 (b) **$1,000.00** per defendant 3.) cost

and reasonable fees pursuant to the Rosenthal Fair Debt Collection Practices Act,

Cal Civ. Code § 1788.30 (c)   determined by jury. 4.) Any relief as this

Honorable Court see fit.

51.) That this court grants judgment against defendant(s) each for second claim

for relief  1.) Actual damages in the amount of **$6,049.28** 2.) Punitive and

Statutory damages in the amount of **$ 9,000.00** FCRA 15 U.S.C. sec.1681b,

1681i, 1681s-2,1681 n & o **$1000.00** per bureau defendant 3.) court fees and

cost to be determined by jury 4.) Any relief as court see fit.

52.) Actual damages in the amount of **$6,049.28** 2.) Punitive & Statutory

damages 15 U.S.C. sec. 1692 d (1), 1692 e, 1692 f (6) 1692 g Remedies 1692 k,

**$ 1,000** & Rosenthal Act § 1788.30 **$1,000.00** per defendant 3.) legal cost

and fees determined by jury. 4.) Any relief as the court see fit.

Date:  5/2/ 2019

Sign:  *Blanca Degollado*

Print Name:  *Blanca Degollado*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial by jury on all issues so triable as a matter

of law.

Date:  5/2/ 2019

Sign:  *Blanca Degollado*

Print Name:  *Blanca Degollado*

16

 TransUnion

**Report Created On:** 02/15/2019
**File Number:** 396039784

## Personal Information

**SSN:** XXX-XX-6748
Your SSN has been masked for your protection.

**You have been on our files since** 12/01/1992
**Date of Birth:** 03/11/1967

**Names Reported:** BLANCA GARCIA DEGOLLADO and BLANCA DEGALLADO

**Addresses Reported:**

| Address | Date Reported |
|---|---|
| 968 W KENSINGTON RD, LOS ANGELES, CA 90026-4314 | 09/01/2000 |
| 21721 SEPTO ST APT 241, CHATSWORTH, CA 91311-3784 | 06/01/1998 |
| 2336 FLORENCITA AVE, MONTROSE, CA 91020-1818 | |
| 604 LAVETA TER, LOS ANGELES, CA 90026-4304 | 03/26/2010 |
| 11774 GAGER ST, SYLMAR, CA 91342-6114 | 08/04/2009 |
| 45120 18TH ST W, LANCASTER, CA 93534-2046 | 03/15/2007 |

**Telephone Numbers Reported:**

| (818) 486-7863 | (213) 202-5740 | (213) 807-4808 | (661) 206-7103 | (310) 927-8549 | (424) 288-1996 |
|---|---|---|---|---|---|

**Employment Data Reported:**

| Employer Name | Position | Date Verified |
|---|---|---|
| DEGOLLADO CLEANING | HOUSEKEEPING | 01/14/2015 |
| HOUSEKEEPER | | 12/01/1996 |

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

**Rating Key**

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 + days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled.

**AMERICAN EXPRESS   #349992465724******
PO BOX 981537
EL PASO, TX 79998
(800) 874-2717

| Date Opened: | 06/15/2017 | Balance: | $5,911 | Pay Status: | >Charged Off< |
|---|---|---|---|---|---|
| Responsibility: | Individual Account | Date Updated: | 02/10/2019 | Terms: | Paid Monthly |
| Account Type: | Open Account | High Balance: | $6,049 | Date Closed: | 08/23/2017 |
| Loan Type: | CREDIT CARD | Past Due: | >$5,911< | | |

**Remarks:** CLOSED BY CREDIT GRANTOR; >UNPAID BALANCE CHARGED OFF<
**Estimated month and year that this item will be removed:** 06/2024

| | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X | X |

17



```
                    GRAND CENTRAL
                6444 SAN FERNANDO RD
                     GLENDALE
                        CA
                    91201-5079
                    053014071 3
                    (800)275-8777    1:46 PM
             19                Wednesday 02/27/2019

                              Sale        Final
                     Qty                  Price

(Domestic)
SAN DIEGO, CA 92150
Weight:0 Lb 0.60 Oz)
Estimated Delivery Date)
Wednesday 02/27/2019
Filed
USPS Certified Mail #)
70172680000095691056)
Class                  1                  $0.55
                                          $0.55

(Domestic)
ATLANTA, GA 30374)
Weight:0 Lb 0.80 Oz)
Estimated Delivery Date)
Thursday 02/28/2019
USPS Certified Mail #)
70172680000095691070)
Class                  1                  $0.55
                                          $3.50
                                          $0.55

(Domestic)
ALLEN, TX 75013)
Weight:0 Lb 0.80 Oz)
Estimated Delivery Date)
Thursday 02/28/2019
USPS Certified Mail #)
70172680000095691094)
Class                  1                  $0.55
                                          $3.50
                                          $0.55

(Domestic)
CHESTER, PA 19016)
Weight:0 Lb 0.80 Oz)
```







18

# MICHAEL & ASSOCIATES, PC
## ATTORNEYS AT LAW

Lina M. Michael
Brian P. McGurk
Christina L. Rymsza
Lisa D. Dubowski
Sean M. Ambrose†*
Tiffanie M. Brown
Paul Eum
Stephanie S. Ho
H Frederick Seigenfeld

† *Not admitted in California*

555 St. Charles Drive, Suite 204
Thousand Oaks, CA 91360
Telephone: (805)379-8505
Toll Free: (855)785-4705
Facsimile: (805)728-6266

*Nevada Office
1850 E. Flamingo Road, Suite 204
Las Vegas, NV 89119
Telephone: (702)289-4901
Toll Free: (844)898-9017
Facsimile: (702)944-9470

**19 MAR 2018**

BLANCA DEGOLLADO
968 W KENSINGTON RD
LOS ANGELES CA 90026

| | |
|---|---|
| Our Client | : American Express |
| Ref. No. | : 22007 |
| Our Acct No. | : 17164589 |
| Princ. Bal Owed: | $6049.28 |
| Civil Case No. | : 17CHLC06025 |
| Court of Rec | : SUPERIOR COURT |
| County of Rec | : LOS ANGELES COUNTY |
| Filing Date | : 11-29-17 |

Dear Card Member:

This office represents American Express with regard to the above-referenced legal matter.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

This office has commenced legal action against you as referenced by the above civil case information.  Our records indicate you have been served with the Summons and Complaint in this matter, and have failed to Answer said Complaint within the legally required time frame.  Consequently this office has filed a Request for Entry of Default with the above referenced Court.  In effect, our office may move to obtain a money judgment against you and may attempt to execute on any judgment obtained as soon as legally possible.  It is our desire to discuss with you the wide range of payment options that may be available to assist you with repayment of the above-referenced debt.  Our client, American Express, is committed to assisting you in resolving the outstanding balance owing on the above account.

Please contact this office as soon as possible to discuss your repayment options.  In the event you have obtained legal representation to assist you in this matter, please forward this correspondence to your legal counsel.  We look forward to working with you or your legal representative to resolve this matter without the need for further litigation.

Best Regards
Michael & Associates

Lina M. Michael
Attorney for Plaintiff

NOTICE:  SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

*19.*

THIS HAS BEEN SENT TO YOU BY A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 A.M. OR AFTER 9:00 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE.  COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK.  FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT.  COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT.  FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.


PLEASE BE ADVISED THAT CALLS MADE EITHER TO OR FROM THIS OFFICE MAY BE RECORDED OR MONITORED.

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Lina M. Michael, Esq. SBN:237842;Christina L. Rymsza, Esq. SBN:233631
FIRM NAME: **MICHAEL & ASSOCIATES, PC**
STREET ADDRESS: 555 St. Charles Drive, Suite 204
CITY: Thousand Oaks  STATE: CA  ZIP CODE: 91360
TELEPHONE NO.: (855) 785-4705  FAX NO.: (805) 728-6266
E-MAIL ADDRESS:
ATTORNEY FOR (name): American Express Centurion Bank

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 9425 Penfield Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Chatsworth 91311
BRANCH NAME: Chatsworth

Plaintiff/Petitioner: American Express Centurion Bank, et al.
Defendant/Respondent: Blanca Degollado, an individual

| **REQUEST FOR** (Application) | [X] **Entry of Default** [ ] **Court Judgment** | [ ] **Clerk's Judgment** | CASE NUMBER: 17CHLC06025 |
|---|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* 11/29/2017
   b. by *(name):* American Express Centurion Bank, a Utah State Chartered Bank
   c. [X] Enter default of defendant *(names):* Blanca Degollado, an individual

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . $ | | $ | $ |
| b. Statement of damages* | | | |
| (1) Special . . . . . . . . . . . . . . . . . $ | | $ | $ |
| (2) General . . . . . . . . . . . . . . . . $ | | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . $ | | $ | $ |
| d. Costs *(see reverse)* . . . . . . . . . . . $ | | $ | $ |
| e. Attorney fees . . . . . . . . . . . . . . . $ | | $ | $ |
| f. **TOTALS** . . . . . . . . . . . . . . . $ | | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $        per day beginning *(date):*
   (* *Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: March 15, 2018

_____
Christina L. Rymsza, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [ ] Default entered as requested on *(date):* |
|---|---|
| | (2) [ ] Default NOT entered as requested *(state reason):* |
| | Clerk, by _____, Deputy |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2018]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

20.

**CIV-100**

| Plaintiff/Petitioner: | American Express Centurion Bank, et al. | CASE NUMBER: |
|---|---|---|
| Defendant/Respondent: | Blanca Degollado, an individual | 17CHLC06025 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:

   b. Street address, city, and zip code:

   c. Telephone no.:

   d. County of registration:

   e. Registration no.:

   f. Expires on *(date):*

5. ☒ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date):*
   March 16, 2018

   (2) To *(specify names and addresses shown on the envelopes):*
   Blanca Degollado, an individual
   968 W Kensington Rd
   Los Angeles, CA  90026

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: March 16, 2018

Stephanie Roth
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $

   b. Process server's fees . . . . . . . . . . . . . . . $

   c. Other *(specify):* $

   d. $

   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . $ _____

   f. ☐ Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code section 400(b).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 15, 2018

Christina L. Rymsza, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

*LexisNexis® Automated California Judicial Council Forms*

21

# MICHAEL & ASSOCIATES, PC
## ATTORNEYS AT LAW

Lina M. Michael
Brian P. McGurk
Christina L. Rymsza
Lisa D. Dubowski
Tiffanie M. Brown
Paul Eum
Kambrie L. Keith
Kent M. Gradowitz
Staci E. Sellers*†
† *Not admitted in California*

555 St. Charles Drive, Suite 204
Thousand Oaks, CA 91360
Telephone: (805)379-8505
Toll Free: (855)785-4705
Facsimile: (805)728-6266

*Nevada Office
1850 E. Flamingo Road, Suite 204
Las Vegas, NV 89119
Telephone: (702)289-4901
Toll Free: (844)898-9017
Facsimile: (702)944-9470

November 21, 2018

BLANCA DEGOLLADO
968 W KENSINGTON ROAD
LOS ANGELES, CA 90026

Re:     **American Express Settlement Agreement**
Our File Number:     17164589
American Express Account Ending in X2007

To Whom It May Concern:

This has been sent to you by a debt collector. This is an attempt to collect a debt.   Any information obtained will be used for that purpose.

In reference to the above-mentioned matter, enclosed please find copies of the *Settlement Agreement for Mutual Release of All Claims*, as well as an additional signature page.  Please sign and date the additional signature page of the agreement, and return the executed signature page to our office using the enclosed self-addressed-stamped-envelope by November 28, 2018

If you have any questions, you may contact our office at (805) 379-8505, or toll free at (855) 785-4705. We are available to assist you Monday through Friday, between 8:00 a.m. and 5:00 p.m. (PST). Thank you for your cooperation in this matter.

Very truly yours,

MICHAEL & ASSOCIATES, PC

*Jenna Haffamier*

JENNA HAFFAMIER
Paralegal

Encl.

**"NOTICE:  SEE REVERSE SIDE FOR IMPORTANT INFORMATION."**

22.

**THIS HAS BEEN SENT TO YOU BY A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**PLEASE BE ADVISED THAT CALLS MADE EITHER TO OR FROM THIS OFFICE MAY BE RECORDED OR MONITORED.**

**ADDITIONAL NOTICES:**

THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 AM OR AFTER 9:00 PM.  THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE.  COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT.  COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT.  FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

## SETTLEMENT AGREEMENT AND
## MUTUAL GENERAL RELEASE OF ALL CLAIMS

This Agreement and General Release ("Agreement") is made and entered into on the respective dates indicated hereinafter, by and between AMERICAN EXPRESS CENTURION BANK, a Utah state chartered bank (hereinafter "AMEX"), and BLANCA DEGOLLADO, an individual (hereinafter "Defendant"), with respect to the following facts:

## RECITALS

Certain disputes and differences have arisen between the parties concerning AMEX'S claim that there are alleged monies due and owing for unpaid credit card services provided by AMEX, account number XXXX-XXXXXX-X2007, a total amount owing of $6,049.28. Based upon said allegations, AMEX filed a lawsuit entitled, AMERICAN EXPRESS CENTURION BANK V. BLANCA DEGOLLADO, et al., with the Los Angeles County Superior Court, case number 17CHLC06025. Judgment has been entered in the amount of $6,339.28. It is now the desire of the respective parties hereto to resolve this dispute, without any admission of liability or fault. Parties agree that no further executions will occur unless there is a breach of the terms below.

## TERMS

Now, therefore, in pursuance of this desire, and in consideration of the mutual promises contained herein, the parties agree as follows:

1.   Defendant shall pay to AMEX the sum of $6,554.28 (see table below), to be paid as follows or this agreement shall be null and void:

| | |
|---|---|
| **Total principal at time of suit:** | **$6,049.28** |
| **All court costs:** | **$   505.00** |
| **Total due at time of agreement:** | **$6,554.28** |

**Payment Schedule:**

| | |
|---|---|
| December 13, 2018 | $275.00 |
| January 13, 2019 | $275.00 |
| February 13, 2019 | $275.00 |
| March 13, 2019 | $275.00 |
| April 13, 2019 | $275.00 |
| May 13, 2019 | $275.00 |
| June 13, 2019 | $275.00 |
| July 13, 2019 | $275.00 |
| August 13, 2019 | $275.00 |
| September 13, 2019 | $275.00 |
| October 13, 2019 | $275.00 |
| November 13, 2019 | $275.00 |
| December 13, 2019 | $275.00 |

Page 1 of 5

SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

| | |
|---|---|
| January 13, 2020 | $275.00 |
| February 13, 2020 | $275.00 |
| March 13, 2020 | $275.00 |
| April 13, 2020 | $275.00 |
| May 13, 2020 | $275.00 |
| June 13, 2020 | $275.00 |
| July 13, 2020 | $275.00 |
| August 13, 2020 | $275.00 |
| September 13, 2020 | $275.00 |
| October 13, 2020 | $275.00 |
| November 13, 2020 | $229.28 |

1.  Payments will be made automatically using our check by phone system. Said checking information is due in this office the day before the first payment is due. If any payment is returned twice for insufficient funds any future payments will be required to be made by a cashier's check or wire. Cashier's checks should be made payable to "American Express" and mailed to: Michael & Associates, PC at 555 St. Charles Drive, Suite 204, Thousand Oaks, California 91360. If you make a payment via wire transfer, you must contact Michael & Associates, PC, and confirm that such payment has been made and advise us of the date and amount of the payment.

2.  Within 15 days of <u>clearance</u> of final payment, Plaintiff will file an Acknowledgment of Satisfaction of Judgment with the Los Angeles County Superior Court for <u>AMERICAN EXPRESS CENTURION BANK v. BLANCA DEGOLLADO, et al.</u>, case number 17CHLC06025.

3.  Defendant acknowledges that any lien that is placed or is in process of being placed on their properties will remain until the conclusion of this settlement agreement. Defendant is hereby notified that pursuant to California Code of Procedure Section 724.040 Plaintiff is only required to provide Defendant with a copy of the filed satisfaction and Defendant bears the burden and cost of having the lien removed from the property.

4.  The Parties acknowledge that they are familiar with the provisions of *California Civil Code* Section 1542, which provides as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Thus, notwithstanding the provisions of *California Civil Code* Section 1542, and for the purpose of implementing a full and complete release and discharge of all claims, the Parties expressly acknowledge that this Agreement also is intended to include in its effect, without limitation, and that the mutual releases will apply to, without limitation, all claims that they do not know or expect to exist in their favor as of the date hereof and that this Agreement contemplates and provides for the extinguishment of any and all such claims.

///
///

SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

FILE# 17164589

24.

The Parties hereby release and absolutely and forever discharge each other, and their respective agents and attorneys, of and from any and all claims, demands, damages, debts, liabilities, accounts, obligations, costs, expenses, liens, actions and causes of action, of every kind and nature (including claims for invasion of privacy, claims arising under the federal Fair Debt Collection Practices Act, claims arising under the California Rosenthal Fair Debt Collection Practices Act, claims arising under the Gramm Leach Bliley Act (aka the Financial Services Modernization Act), claims arising under the Fair Credit Reporting Act, and claims arising under any Consumer Fraud Act), whether known or unknown, suspected or unsuspected, which either party now has, owns or holds, or at any time heretofore ever had owned or held, or could own or hold, based on, related to, or by reason of any of the relations which created the underlying claims of this action. This waiver shall also specifically apply to the collections activities of Michael & Associates, PC, and its employees, regarding the AMEX account(s) specified above. This waiver shall only apply to claims, demands, damages, debts, liabilities, accounts, obligations, costs, expenses, liens, actions and causes of action arising prior to the execution of this Agreement. This Agreement and this waiver of *California Civil Code* Section 1542 shall only pertain to the AMEX account(s) specified above, and to no other accounts.

For the good and valuable consideration as set forth herein, Defendant(s) agree(s) to and hereby does release Plaintiff(s) and its affiliated companies (including but not limited to, American Express Company; American Express Travel Related Services Company, Inc.; American Express Bank, FSB; and American Express Centurion Bank), their directors, officers, agents, employees, representatives, servants, attorneys, predecessors, successors, assigns, subsidiaries, parent, and affiliated entities, from any and all claims, actions, causes of action, demands, liabilities, or obligations of any nature or kind, whether at present known or unknown, upon or by reason of any damage, loss or injury, which heretofore has been or which hereafter may be sustained by the undersigned, or for any other matters whatsoever from the beginning of the world to this date, including, but not limited to, the subject matter of the Action.

5.   The parties hereto warrant and represent to each other that neither of them has heretofore assigned or transferred or purported to assign or transfer to any person not a party hereto any released matter, or any part or portion hereof, and agree to indemnify and hold harmless each other from and against any claim, demand, loss, damage, debt, liability, account, obligation, cost, expense, lien, action and cause of action, including attorney's fees and costs actually incurred, whether or not litigation be commenced, based on, in connection with, or arising out of any such assignment or transfer or purported or claimed assignment or transfer.

6.   The person executing this instrument on behalf of each party hereby represents and warrants that he or she has the authority to do so. This Agreement shall be binding upon and inure to the benefit of the respective heirs, successors, predecessors, assigns, employees, agents, sureties and attorneys of the parties hereto to the extent permitted by law.

7.   This Agreement and all disputes relating to this Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of California.

8.   This Agreement may be signed in counterparts by the parties hereto and, when each of the

Page 3 of 5

SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

FILE# 17164589

25.

parties hereto has executed an identical copy hereof, this instrument shall become and be a binding and enforceable instrument, with the same force and effect as if both parties hereto had executed the same copy of this instrument. The parties acknowledge that executed copies of this Agreement may be exchanged by facsimile.

9.   The release(s) running in favor of any party to this Agreement shall not become effective until payment is made as required by this Agreement.

10. This Agreement reflects the final expression of the parties' agreement, contains a complete and exclusive statement of the terms of that agreement, and supersedes all previous verbal and written agreements.  There are no other agreements, representations, or warranties not set forth herein.  This Agreement, and any of its terms, may not be amended, canceled, waived, revoked or otherwise modified except by written agreement subscribed by all of the parties to be charged with such modification.

11. Defendant's signature is due in Plaintiff's counsel's office on or before November 28, 2018.

### *** NO FURTHER TEXT ON THIS PAGE – SIGNATURES ON PAGE 5 ***

Page 4 of 5

SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

FILE# 17164589

26

**THE SIGNATURES BELOW INDICATE THIS SETTLEMENT AGREEMENT HAS BEEN ENTERED BETWEEN AMERICAN EXPRESS CENTURION BANK AND BLANCA DEGOLLADO:**

Dated: _____          AMERICAN EXPRESS CENTURION BANK, a
                                  Utah state chartered bank


                                  By: _____
                                        NOUBAR ASSADOURIAN,
                                        Agent for,
                                        AMERICAN EXPRESS CENTURION
                                        BANK

Dated: _____          BLANCA DEGOLLADO, an individual


                                  By: _____
                                        BLANCA DEGOLLADO,
                                        Defendant

***APPROVED AS TO FORM AND CONTENT:***

Dated: _____          MICHAEL & ASSOCIATES, PC


                                  By: _____
                                        TIFFANIE BROWN,
                                        Attorney for Plaintiff,
                                        AMERICAN EXPRESS CENTURION
                                        BANK

Page 5 of 5

SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

FILE# 17164589

27-

**THE SIGNATURES BELOW INDICATE THIS SETTLEMENT AGREEMENT HAS BEEN ENTERED BETWEEN AMERICAN EXPRESS CENTURION BANK AND BLANCA DEGOLLADO:**

Dated: _____                AMERICAN EXPRESS CENTURION BANK, a
                                        Utah state chartered bank


                                        By: _____
                                                NOUBAR ASSADOURIAN,
                                                Agent for,
                                                AMERICAN EXPRESS CENTURION
                                                BANK

Dated: _____                BLANCA DEGOLLADO, an individual


                                        By: _____
                                                BLANCA DEGOLLADO,
                                                Defendant

*APPROVED AS TO FORM AND CONTENT:*

Dated: _____                MICHAEL & ASSOCIATES, PC


                                        By: _____
                                                TIFFANIE BROWN,
                                                Attorney for Plaintiff,
                                                AMERICAN EXPRESS CENTURION
                                                BANK

Page 5 of 5

SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

FILE# 17164589

28.